1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Chief Judge Marsha J. Pechman

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUL 10 2013

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEP'T.

13-CR-00081-PLAGR

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

FRANCISCO MONTES,

Defendant.

NO. CR13-0081MJP

**PLEA AGREEMENT**

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Steven T. Masada, Assistant United States Attorney for said District, Defendant, Francisco Montes, and his attorney, Peter Camiel, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.    **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

1       2.   **The Charge.** Defendant, having been advised of the right to have this

2   matter tried before a jury, agrees to waive that right and enters his plea of guilty to the

3   following charge contained in the Superseding Information:

4           a.   Access Device Fraud, as charged in Count 1, in violation of Title 18,

5   United States Code, Section 1029(a)(1).

6   By entering this plea of guilty, Defendant hereby waives all objections to the form of the

7   charging document. Defendant further understands that before entering his plea of guilty,

8   he will be placed under oath. Any statement given by Defendant under oath may be used

9   by the United States in a prosecution for perjury or false statement.

10       3.   **Elements of the Offense.** The elements of the offense of Access Device

11   Fraud, as charged in Count 1, in violation of Title 18, United States Code, Section

12   1029(a)(1), are as follows:

13       <u>First</u>, the defendant knowingly used, produced, or trafficked in a counterfeit access

14   device;

15       <u>Second</u>, the defendant acted with intent to defraud; and

16       <u>Third</u>, the defendant's conduct in some way affected commerce between one state

17   and another state, or between a state of the United States and a foreign country.

18       4.   **The Penalties.** Defendant understands that the statutory penalties for the

19   offenses of Access Device Fraud, as charged in Count 1, in violation of Title 18, United

20   States Code, Section 1029(a)(1), are as follows:

21       Imprisonment for up to ten (10) years; a fine of up to two hundred and fifty

22   thousand dollars ($250,000.00); a period of supervision following release from prison of

23   up to three (3) years; and a special assessment of one hundred dollars ($100.00).

24       If Defendant receives a sentence of probation, the probationary period could be up

25   to five (5) years.

26       Defendant agrees that the special assessment shall be paid at or before the time of

27   sentencing.

28

PLEA AGREEMENT/MONTES
CR13-081MJP - 2

1      Defendant understands that supervised release is a period of time following
2 imprisonment during which he will be subject to certain restrictions and requirements.
3 Defendant further understands that if supervised release is imposed and he violates one or
4 more of its conditions, Defendant could be returned to prison for all or part of the term of
5 supervised release that was originally imposed.  This could result in Defendant's serving
6 a total term of imprisonment greater than the statutory maximum stated above.

7      Defendant understands that in addition to any term of imprisonment and/or fine
8 that is imposed, the Court may order him to pay restitution to any victim of the offense,
9 as required by law.  Defendant further understands that a consequence of pleading guilty
10 may include the forfeiture of certain property either as a part of the sentence imposed by
11 the Court, or as a result of civil judicial or administrative process.

12      Defendant agrees that any monetary penalty the Court imposes, including the
13 special assessment, fine, costs, or restitution, is due and payable immediately and further
14 agrees to submit a completed Financial Statement of Debtor form as requested by the
15 United States Attorney's Office.

16      5.    **Rights Waived by Pleading Guilty**.  Defendant understands that by
17 pleading guilty, he knowingly and voluntarily waives the following rights:

18           a.    The right to plead not guilty and to persist in a plea of not guilty;

19           b.    The right to a speedy and public trial before a jury of his peers;

20           c.    The right to the effective assistance of counsel at trial, including, if
21 Defendant could not afford an attorney, the right to have the Court appoint one for him;

22           d.    The right to be presumed innocent until guilt has been established
23 beyond a reasonable doubt at trial;

24           e.    The right to confront and cross-examine witnesses against Defendant
25 at trial;

26           f.    The right to compel or subpoena witnesses to appear on his behalf at
27 trial;

28

PLEA AGREEMENT/MONTES
CR13-081MJP - 3

1          g.     The right to testify or to remain silent at trial, at which trial such

2  silence could not be used against Defendant; and

3          h.     The right to appeal a finding of guilt or any pretrial rulings.

4      6.    **United States Sentencing Guidelines.**  Defendant understands and

5  acknowledges that, at sentencing, the Court must consider the sentencing range

6  calculated under the United States Sentencing Guidelines, together with the other factors

7  set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and

8  circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the

9  need for the sentence to reflect the seriousness of the offenses, to promote respect for the

10  law, and to provide just punishment for the offenses; (4) the need for the sentence to

11  afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect

12  the public from further crimes of the defendant; (6) the need to provide the defendant

13  with educational and vocational training, medical care, or other correctional treatment in

14  the most effective manner; (7) the kinds of sentences available; (8) the need to provide

15  restitution to victims; and (9) the need to avoid unwarranted sentence disparity among

16  defendants involved in similar conduct who have similar records.  Accordingly,

17  Defendant understands and acknowledges that:

18      a.     The Court will determine his applicable Sentencing Guidelines range

19  at the time of sentencing;

20      b.     After consideration of the Sentencing Guidelines and the factors in

21  18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the

22  maximum term authorized by law;

23      c.     The Court is not bound by any recommendation regarding the

24  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

25  range offered by the parties or the United States Probation Department, or by any

26  stipulations or agreements between the parties in this Plea Agreement; and

27      d.     Defendant may not withdraw a guilty plea solely because of the

28  sentence imposed by the Court.

PLEA AGREEMENT/MONTES
CR13-081MJP - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       7.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or
2  guaranteed what sentence the Court will impose.

3       8.    **Sentencing Factors.** The parties agree that the following provisions of the
4  United States Sentencing Guidelines ("USSG") apply to this case:

5            a.    a base offense level of 6, pursuant to USSG § 2B1.1(a);

6            b.    a 2-level upward adjustment, pursuant to USSG § 2B1.1(b)(1),
7  because the offense involved a loss of more than $5,000;

8            c.    a 2-level upward adjustment, pursuant to USSG § 2B1.1(b)(10),
9  because a substantial part of the fraudulent scheme was committed from outside the
10 United States and because the offense involved sophisticated means;

11           d.    a 2-level upward adjustment, pursuant to USSG § 2B1.1(b)(11),
12 because, among other things, the offense involved the possession of more than five
13 counterfeit access devices; and,

14           e.    An offense level downward reduction, pursuant to USSG § 3E1.1, to
15 the extent set forth in the paragraph entitled "Acceptance of Responsibility," below.

16      The parties further acknowledge that, because this plea agreement contemplates
17 Defendant's personal conduct in furtherance of the conspiracy as a whole, role
18 enhancements, pursuant to USSG § 3B1.1, § 3B1.2, or otherwise, do not apply, and the
19 parties agree not to advocate for any offense level adjustment based upon Defendant's
20 role in the scheme and conspiracy.

21      The parties agree they are free to argue the application of any other provisions of
22 the United States Sentencing Guidelines. Defendant understands, however, that at the
23 time of sentencing, the Court is free to reject these stipulated adjustments, and is further
24 free to apply additional downward or upward adjustments in determining Defendant's
25 Sentencing Guidelines range.

26      9.    **Loss Amount.** For purposes of calculating the applicable advisory range
27 under the Sentencing Guidelines, the United States and Defendant agree that the
28 enhancement for loss amount, under USSG § 2B1.1(b)(1), should be 2 levels, based upon

PLEA AGREEMENT/MONTES
CR13-081MJP - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  the amount of loss attributable directly to Defendant (as opposed to the loss attributable
2  to the scheme and conspiracy), which is less than ten thousand dollars ($10,000.00), but
3  more than five thousand dollars ($5,000.00).  The parties acknowledge, however, that this
4  agreement does not in any way preclude the parties from presenting evidence or
5  arguments at sentencing regarding the losses, whether actual or intended, attributable to
6  the scheme and conspiracy as a whole.

7      10.   **Restitution.** Defendant shall make restitution to all victims of the
8  conspiracy and scheme to defraud, including individuals and financial institutions
9  affected by the conspiracy, for the amount of actual loss incurred, which is *at least* two
10 hundred and sixty-seven thousand six hundred dollars ($267,600.00), with credit for any
11 amounts already paid.  Defendant further agrees to include in the restitution any
12 additional loss incurred by victims caused by the offense conduct that may be discovered
13 or otherwise identified subsequent to the entry of this plea agreement and before
14 sentencing.  Said amount shall be due and payable immediately and shall be paid in
15 accordance with a schedule of payments as proposed by the United States Probation
16 Office and ordered by the Court.

17     11.   **Forfeiture of Contraband.** Defendant also agrees that if any firearms or
18 illegal contraband were seized by any law enforcement agency from the possession of
19 Defendant, or that were in the direct or indirect control of Defendant, then Defendant
20 consents to the administrative forfeiture, official use, and/or destruction of said firearms
21 or contraband by any law enforcement agency involved in the seizure of these items.

22     12.   **Forfeiture.** Defendant agrees to forfeit to the United States immediately
23 all of Defendant's right, title, and interest in any and all property, real or personal, that
24 was used, or intended to be used, in any manner or part, to commit or to facilitate the
25 commission of the charged offenses, and any property constituting, or derived from, any
26 proceeds Defendant obtained, directly or indirectly, as the result of such offenses, that are
27 subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982,
28

PLEA AGREEMENT/MONTES
CR13-081MJP - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

1  or 1029(c)(2), Title 21, United States Code, Section 853, or Title 28, United States Code,

2  Section 2461(c), including the following assets:

3          a.    cash in the total amount of no less than $89,860.00, which includes

4  $7,960.00 seized from Santiago Zayco's person and vehicle, $4,760.00 seized from

5  Christopher Rolon-Gonzales' vehicle, and $77,140.00 seized from a red duffel bag;

6          b.    a black 2008 Jeep Cherokee, with British Columbia Plate: 095PXK;

7          c.    a 2003 Mercedes Benz, with Washington Plate: 302VXN;

8          d.    a silver 2006 Infinity G35, with Washington Plate: 458WNZ;

9          e.    a beige 1999 Honda Accord, with Washington Plate: 442VTG;

10         f.    digital devices used in furtherance of skimming activity, such as a

11  Sony Viao laptop computer, a card encoding device, and cellular telephones; and,

12         g.    approximately 678 plastic cards.

13      Defendant agrees that each of the listed assets is the proceeds of unlawful fraud

14  activity or was used or intended to be used to facilitate unlawful access device fraud, as

15  set forth in Count 1 of the Superseding Information.

16      Defendant agrees to fully assist the United States in the forfeiture of the listed

17  assets and to take whatever steps are necessary to pass clear title to the United States,

18  including but not limited to:  surrendering title and executing any documents necessary to

19  effectuate such forfeiture; assisting in bringing any assets located outside the United

20  States within the jurisdiction of the United States; and taking whatever steps are

21  necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted,

22  hidden, or otherwise made unavailable for forfeiture.  Defendant agrees not to file a claim

23  to any of the listed property in any civil forfeiture proceeding, administrative or judicial,

24  which may be initiated.

25      Defendant further agrees to provide a truthful statement regarding all of

26  Defendant's assets and to make a full and complete disclosure of all assets in which

27  Defendant has any interest or over which Defendant exercises control and those which

28

PLEA AGREEMENT/MONTES
CR13-081MJP - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | are held or controlled by a nominee(s).  Defendant further agrees to submit to a polygraph
2 | examination on the issue of assets if it is deemed necessary by the United States.

3 |       The United States reserves its right to proceed against any remaining assets not
4 | identified in this Plea Agreement, including any property in which Defendant has any
5 | interest or control.

6 |       13.    **Statement of Facts.**  The parties agree on the following facts.  Defendant
7 | admits he is guilty of the charged offenses.

8 |       a.    From about December 2012 and continuing into February 2013,
9 | within the Western District of Washington, Francisco Montes knowingly participated in a
10 | scheme to defraud, and conspired with others, to steal substantial sums of money using
11 | the means of identification of real people, without their knowledge or authorization.
12 | Montes, along with others, fraudulently accessed funds held by both foreign and domestic
13 | financial institutions, predominantly through cash withdrawals at automated teller
14 | machines ("ATMs"), using stolen personal identification numbers ("PINs") and
15 | counterfeit cards encoded with stolen account data of actual financial institution account
16 | holders.  That stolen victim information had been obtained through card "skimming"
17 | activity committed by others elsewhere, namely, in Canada.

18 |       b.    More specifically, in about December 2012, Francisco Montes
19 | agreed to assist, and did assist, Christopher Rolon-Gonzales (Rolon) and Santiago Zayco
20 | in conducting "cash-out" activity in Western Washington --- i.e., the use of the stolen
21 | customer data to make unauthorized withdrawals.  By way of example:

22 |       (1)    On December 9, 2012, Montes used 10 counterfeit cards,
23 | encoded with victim data, and corresponding PINs to executed and attempt to execute
24 | unauthorized cash withdrawals at multiple ATMs near Northgate mall, in Seattle.

25 |       (2)    On January 23, 2013, Montes used 30 counterfeit cards,
26 | encoded with victim data, and corresponding PINs to executed and attempt to execute
27 | unauthorized cash withdrawals at multiple ATMs near Northgate mall, including a single
28 |

PLEA AGREEMENT/MONTES
CR13-081MJP - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  withdrawal of $360.00 from a VanCity Credit Union account. These transactions

2  affected both foreign and interstate commerce.

3  In doing so, Montes, with the intent to defraud, falsely represented himself as the

4  authorized account holder to access the funds held in that person's account, all without

5  the knowledge or permission of the actual account holder.

6          c.      Francisco Montes, a relative and housemate of Rolon and Zayco,

7  was aware that the counterfeit cards were provided to Rolon and Zayco by a Canadian

8  man known as "Dennis" or "Boss D," and that "Dennis" stored a red duffle bag with

9  Rolon and Zayco. Although the conspiracy as a whole involved hundreds of thousands

10 of dollars in loss and thousands of identity theft victims, Montes personally conducted

11 less than $10,000 in fraudulent transactions.

12         14.     **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement,

13 the United States Attorney's Office for the Western District of Washington agrees to

14 move to dismiss the remaining counts in the Indictment at the time of sentencing and not

15 to prosecute Defendant for any additional offenses known to it as of the time of this

16 Agreement that are based upon evidence in its possession at this time, and that arise out

17 of the conduct giving rise to this investigation. In this regard, Defendant recognizes the

18 United States has agreed not to prosecute all of the criminal charges the evidence

19 establishes were committed by Defendant solely because of the promises made by

20 Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing

21 the Presentence Report, the United States Attorney's Office will provide the United

22 States Probation Office with evidence of all conduct committed by Defendant.

23         Defendant agrees that any charges to be dismissed before or at the time of

24 sentencing were substantially justified in light of the evidence available to the United

25 States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

26 with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

27 (1997).

28

PLEA AGREEMENT/MONTES
CR13-081MJP - 9

15.   **Acceptance of Responsibility.**  The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should be decreased by three (3) levels pursuant to USSG § 3E1.1(a) and (b), because he has assisted the United States by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

16.   **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence.  Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of release or confinement (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.  Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

PLEA AGREEMENT/MONTES
CR13-081MJP - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       17.    **Waiver of Appeal.** As part of this Plea Agreement and on the condition

2   that the Court imposes a custodial sentence that is within or below the Sentencing

3   Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines

4   range) that is determined by the Court at the time of sentencing, Defendant waives to the

5   full extent of the law:

6       a.    any right conferred by Title 18, United States Code, Section 3742 to

7   appeal the sentence, including any restitution order imposed; and

8       b.    any right to bring a collateral attack against the conviction and

9   sentence, including any restitution order imposed, except as it may relate to the

10  effectiveness of legal representation.

11  Furthermore, this waiver does not preclude Defendant from bringing an appropriate

12  motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the

13  decisions of the Bureau of Prisons regarding the execution of his sentence.

14      If Defendant breaches this Plea Agreement at any time by appealing or collaterally

15  attacking (except as to effectiveness of legal representation) the conviction or sentence in

16  any way, the United States may prosecute Defendant for any counts, including those with

17  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

18  Agreement.

19      18.    **Voluntariness of Plea.** Defendant agrees that Defendant has entered into

20  this Plea Agreement freely and voluntarily and that no threats or promises, other than the

21  promises contained in this Plea Agreement, were made to induce Defendant to enter these

22  pleas of guilty.

23      19.    **Statute of Limitations.** In the event this Agreement is not accepted by the

24  Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,

25  the statute of limitations shall be deemed to have been tolled from the date of the Plea

26  Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea

27  Agreement by the Court; or (2) thirty (30) days following the date on which a breach of

28  the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

PLEA AGREEMENT/MONTES
CR13-081MJP - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20.    **Completeness of Agreement.**  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 10ᵗʰ day of July, 2013.

_____
FRANCISCO MONTES
Defendant

_____
PETER CAMIEL
Attorney for Defendant

_____
TESSA M. GORMAN
Assistant United States Attorney

_____
STEVEN T. MASADA
Assistant United States Attorney

PLEA AGREEMENT/MONTES
CR13-081MJP - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970